

ORDERED in the Southern District of Florida on August 20, 2015.

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**www.flsb.uscourts.gov**

| | |
|---|---|
| **In re:** | **CASE NO.: 15-18507-AJC** |
| **JOSE J BARAHONA** | **CHAPTER: 13** |
| **Debtor** | |
| _____/ | |

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED**
**STATUS OF LIEN ON REAL PROPERTY HELD BY CARMEL TOWNHOMES**
**CONDOMINIUM ASSOCIATION, INC., D.E. #22**

THIS CASE came to be heard on July 21, 2015, on the Debtors' *Motion to Value and Determine Secured Status of Lien on Real Property held by CARMEL TOWNHOMES CONDOMINIUM ASSOCIATION, INC.* (D.E. #22; the "Motion"). Based upon the Debtors' assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.  The value of Debtor's real property (the "Real Property") located 1333 West 51 Place, Unit

B-6, Hialeah FL 33012, more particularly described as:

LEGAL DESCRIPTION: UNIT NO. B-6, OF CARMEL TOWNHOMES, according to the
Declaration of Condominium thereof, as Recorded in Official Records Book 12970, at Page
1854, of the Public Records of Miami-Dade County Florida, together with an undivided
interest in the Common Elements Appurtenant thereto, as set forth in said Declaration.

is $63,800.00 at the time of filing of this case.

B.  The total of all claims secured by liens on the Real Property senior to the lien of

CARMEL TOWNHOMES CONDOMINIUM ASSOCIATION, INC. (the "Association")

is $110,108.00.

C.  The equity remaining in the real property after payment of all claims secured by liens

senior to the lien of Association is $0.00 and Association has a secured interest in the

Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.  The motion is **GRANTED.**

2.  Association has an allowed secured claim of $0.00.

3.  Because Association's secured interest in the Real Property is $0, Association's

Assessment Lien Rights prior to the filing of the Debtor's bankruptcy petition shall be

deemed void and shall be extinguished automatically, without further order of the Court,

upon entry of the debtor's discharge in this chapter 13 case.  If this case is converted to a

case under any other chapter or if the chapter 13 case is dismissed, Association's

Assessment Lien Rights will no longer be considered void and shall be restored as a lien

on the Real Property.

4.  Association has not filed a proof of claim. The trustee shall not disburse any payments to

Association unless a proof of claim is timely filed. In the event a proof of claim is timely

filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above,

and as a general unsecured claim in any amount in excess of such, regardless of the original classification in the proof of claim as filed.

5.      The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6.      Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

RICARDO CORONA, ESQ.
Florida Bar No. 111333
CORONA LAW FIRM
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.